**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Lisa Masters,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>Sam's West, Inc, et al.,<br><br>　　　　　Defendant(s). | 2:24-cv-01959-RFB-MDC<br><br>ORDER DENYING MOTION WITHOUT PREJUDICE |

Pending before the Court is plaintiff Lisa Masters's *Motion to Enlarge the Time for Service* ("Motion") (ECF No. 20). For the reasons stated below, the Court DENIES the Motion but does so without prejudice.

**DISCUSSION**

**I. BACKGROUND**

Plaintiff initially filed this action in the Eighth Judicial District Court of Clark County Nevada on September 10, 2024. ECF No. 1. Defendant Sam's West d/b/a Sam's Club removed this action to federal court on October 21, 2024. *Id.* Defendant Sam's West filed a Motion to Dismiss on October 28, 2024. ECF No. 6. On December 12, 2024, plaintiff filed her Motion, seeking a 90-day extension to serve the remaining defendant Larry Bird. ECF No. 20. Defendant Sam's West opposes the Motion.

**II. LEGAL STANDARD**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct.

1638, 134 L. Ed. 2d 880 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the… [90]—day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that… [90]—day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed… [90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.

Rule 6(b)(1)(B) provides that a party that files an extension motion after deadline to act must show that she failed to act prior to the deadline "because of excusable neglect." *Id.*; *see also Williams v. Cnty. of Los Angeles*, 2024 U.S. App. LEXIS 13767, at * 2 (9th Cir. 2024) ("Under Rule 4(m) a district court…may discretionarily extend time for service upon a showing of excusable neglect.") (citing *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)).

**III. ANALYSIS**

Plaintiff filed this action in state court on September 10, 2024. *See* ECF No. 1. Therefore, pursuant to the Federal Rules of Civil Procedure, the deadline to complete service was December 9, 2024. *See* Fed. R. Civ. P. 4(m) (providing for a 90-day period to complete service on defendants). Plaintiff filed her Motion on December 12, 2024, after the expiration of the 90-day period. *See* ECF No. 20.

Foremost, plaintiff relies on outdated version of Rule 4(m) and the prior 120-day service period, which is not applicable. Plaintiff then asserts that her Service Processer was unable to effectuate service on defendant Larry Bird and requested more information from defendant via discovery. Plaintiff argues that good cause exists to warrant an extension because she is having difficulty locating defendant Larry Bird and is waiting for defendant Sam's West response to her discovery regarding his last known contact information. *See* ECF No. 20 at 6-7. Plaintiff does not discuss excusable neglect.

Defendant Sam's West opposes plaintiff's Motion, arguing that she has failed to establish good cause or excusable neglect. *See* ECF No. 21. Defendant argues that plaintiff has provided no affidavit or details regarding the efforts taken regarding the attempts to serve defendant Larry Bird. *Id.* at 3-5. Defendant also argues that extension is not warranted because plaintiff's claims cannot be maintained against the individual defendant. *Id.* at 5-6. This Order only addresses the issues of good cause and excusable neglect and does not address the sufficiency of plaintiff's claims.

### A. Good Cause

Plaintiff failed to establish good cause. Generally, "good cause" is equated with diligence. See Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. A showing of good cause requires more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal.,* 820 F.2d 319, 320 (9th Cir. 1987). Plaintiff asserts that she is having difficulty locating defendant Larry Bird and that the Process Server was unable to locate him. However, plaintiff has provided no details as to what efforts were taken to locate or serve Larry Bird, how many attempts were made, or how service was attempted. Plaintiff does not provide a due diligence affidavit from any process server. Without this information and showing, the Court is unable to determine whether plaintiff was diligent in her efforts to serve defendant Larry Bird and that good cause exists.

### B. Excusable Neglect

The deadline to serve passed prior to plaintiff's motion. Plaintiff also failed to address whether her failure to timely file her motion was because of excusable neglect. Thus, the Court cannot determine whether there is excusable neglect to consider plaintiff's untimely motion.

## IV. CONCLUSION

Plaintiff failed to establish that good cause exists to grant an extension. Plaintiff also failed to show that the failure to act was a result of excusable neglect. However, given that plaintiff's arguments were based on an erroneous reliance on the prior version of the rules, the Court denies the Motion

without prejudice and with leave to refile.  Counsel is reminded of the responsibility to know the current federal and local rules of civil procedure.

ACCORDINGLY,

**IT IS ORDERED that** the *Motion for Extension of Time* (ECF No. 20) is DENIED WITHOUT PREJUDICE.

DATED this 8th day of January 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge